The deed produced corresponded with that recited in the indictment, except in the description of the courses, which in the first line was south twenty-two west, instead of south twenty west.
The charge against the prisoner is for forging a deed, which purported to be a conveyance of a tract of land, circumscribed by the boundaries specified in the indictment; but the State is about to prove him guilty of forging a deed for a tract of land differently bounded; and from this variance in the courses there results, also, a difference in the quantity. The misrecital extends beyond the mere from of the deed, and affects the substance itself. Hence, it will be found that none of the cases will warrant the Court to intend that the deed (187) produced is the one alleged, because the fault consists in a variance of sense, and of a thing material. The figure which is omitted cannot be supplied, on the principle that the word "despaired" was supplied in an indictment of perjury, which undertook to recite a former indictment for an assault; as in the case of the King v. May, Douglas, 183; because the indictment in the present case has a plain, consistent meaning. Nor can it be supplied on the ground that the letter "S" was in the case of theKing v. Beach, Cowper, 229; for here the omission of the figure changes the sense. Lee's case, in Leach, 353, and Cogan's case, ibid., 389, are authorities in point to show that this variance is fatal.
The Attorney-General, after noticing the distinction between undertaking to recite the tenor of an indictment, and the substance, as in the present case, submitted the question. *Page 166 
The Court directed the jury that the proof was insufficient to authorize a lawful conviction of the prisoner upon the indictment. That the variance was in a substantial part, and the omission of the figure could not be supplied by any construction warranted by the principles of law.
Verdict, not guilty.
NEW BERN DISTRICT, January Term, 1802.